**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JAYSON D. WILMOT,
Plaintiff,

vs.

BUTLER COUNTY JAIL, ET AL.,
Defendant.

Case No. 1:20-cv-27
Barrett, J.
Litkovitz, M.J.

**REPORT &**
**RECOMMENDATION**

Plaintiff a former inmate at the Butler County Jail initiated this action on January 9, 2020 against Butler County Jail defendants alleging violation of prisoner civil rights pursuant to 42 U.S.C. § 1983. (Doc. 1). On February 24, 2020, plaintiff was granted leave to proceed *in forma pauperis* and was ordered to show cause, in writing, why this Court should not dismiss this case for lack of prosecution. (Doc. 6). On February 18, 2020, and on March 10, 2020, official case-related documents mailed by the Court to plaintiff's address listed on the Court's docket have been returned by the U.S. Postal Service with the notation "Undeliverable – Return to sender." (Docs. 5&7). Plaintiff was advised that his failure to comply with the terms of the show cause order would result in a recommendation to the District Court that this action be dismissed.

To date, more than fifteen days later, plaintiff has not responded to the show cause order and there is no indication from the docket that plaintiff is actively engaged in litigating this case.

A pro se litigant has an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the Court with notice of any and all changes in his address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 16375, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)).

District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Accordingly, dismissal is appropriate. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice for lack of prosecution and for failure to obey a Court order.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.

Date: 3/11/20

Karen L. Litkovitz, Magistrate Judge
United States District Court

JAYSON D. WILMOT,
    Plaintiffs,

vs.

BUTLER COUNTY JAIL, et al.,
    Defendants.

Case No. 1:20-cv-27
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.   Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.   If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.   A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).